UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
2019-0540

Powers Kirn, LLC
ecf@powerskirn.com
728 Marne Highway, Suite 200
Moorestown, NJ 08057
856-802-1000

Order Filed on October 29,
2019 by Clerk, U.S. Bankruptcy
Court - District of New Jersey

In Re:

Carmen Soto

Case No.:   19-16704-SLM

Hearing Date: 10/23/2019

Judge:   Honorable Stacey L. Meisel

Chapter:   13

## ORDER RESOLVING OBJECTION TO CONFIRMATION OF DEBTOR'S SIXTH MODIFIED PLAN

The relief set forth on the following pages, numbered two (2) through two (2)    is hereby **ORDERED**.

DATED: October 29, 2019

/s/ Stacey L. Meisel
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Debtor: Carmen Soto
Case No.: 19-16704-SLM
Caption of Order: ORDER RESOLVING OBJECTION TO CONFIRMATION OF DEBTOR'S SIXTH MODIFIED PLAN

Upon the objection to confirmation of debtor's sixth modified plan and Powers Kirn, LLC, Attorney for Bayview Loan Servicing, LLC servicing agent for The Bank of New York Mellon fka The Bank of New York as Trustee (CWALT 2004-J8) ("Bayview"), appearing and for cause shown, it is

**ORDERED** as follows:

1. The objection to confirmation filed on behalf of Bayview to debtor's sixth modified plan, is hereby resolved upon the conditions set forth herein.

2. The parties acknowledge that on or about August 14, 2019, the debtor entered into a trial loan modification with respect to the real property commonly known as 159-161 Montclair Avenue, Newark, New Jersey 07104.

3. Pursuant to the terms of the trial period plan, the debtor is required to tender a monthly payment in the amount of $2,356.08, commencing on September 1, 2019 and continuing until November 1, 2019.

4. The debtor's mortgage will be reviewed for a permanent mortgage modification upon completion of the trial period payments.

5. In the event that the debtor is unable to obtain a permanent loan modification on or before January 31, 2020, the debtor shall file a modified plan no later than fourteen (14) days from the deadline fixed obtaining a permanent modification to either provide for repayment of arrears and/or surrender of the subject property.

6. If the Debtor is not provided a permanent modification by the deadline fixed above and no modified plan is timely filed as provided herein, the Secured Creditor may obtain an Order Vacating the Automatic Stay as to the Collateral by filing, with the Bankruptcy Court, a Certification specifying the Debtor's failure to comply with this Order. At the time the Certification is filed with the court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor, and the Debtor's Attorney.

7. The objections filed on behalf of the Secured Creditor are hereby preserved and may be presented in relation to any further plan of reorganization presented by the debtor.

8. The Secured Creditor shall serve a copy of this Order upon the debtor, debtor's counsel, and the Standing Chapter 13 Trustee.